O

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **RAMON EDWARD GUTIERREZ,** | § | |
| *Petitioner*, | § | |
| | § | **CIVIL ACTION NO.  5:06-cv-44** |
| **v.** | § | **CRIMINAL NO. 5:03-cr-366** |
| | § | |
| **UNITED STATES,** | § | |
| *Respondent*. | § | |

## OPINION & ORDER

Pending before the Court is Petitioner Ramon Edward Gutierrez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Civ. Doc. No. 1]. Upon due consideration of Petitioner's Motion, the record as it currently stands, and the governing law, the Court DISMISSES Petitioner's Motion.

## I.    PROCEDURAL HISTORY AND RELEVANT FACTS

On July 24, 2003, a jury found Petitioner guilty of conspiracy to possess with the intent to distribute in excess of one thousand kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). [Cr. Dkt. No. 53]. He was subsequently sentenced to 240 months imprisonment. [Cr. Dkt. No. 53 at 3]. On December 1, 2004, the Fifth Circuit Court of Appeals rejected his direct appeal and affirmed his conviction. [Cr. Dkt. No. 63]. On March 3, 2006, Petitioner filed the § 2255 Motion now before the Court, claiming he suffered ineffective assistance of counsel because trial counsel (1) failed to argue that the sentencing court lacked jurisdiction to enhance his sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851(a); (2) because 21 U.S.C. § 851 "violates the separation of powers doctrine" since Congress and the Executive branch under that statute usurp the sentencing court's alleged province under Article III to "impose a sentence under the Federal Sentencing Guidelines[;]" (3) because trial counsel failed

to challenge the constitutionality of § 851 as tantamount to an unconstitutional "[b]ill of [p]ains and [p]unishments[;]" (4) because appellate counsel failed to supplement Petitioner's appellate brief in light of the Supreme Court's "intervening" decision in *Blakely v. Washington*; (5) because appellate counsel failed on direct appeal to challenge the sentencing court's authority to impose an enhanced sentence based on facts not found by a jury; and (6) because appellate counsel failed to argue that the "[s]upervised [r]elease terms imposed violate[] [the] Double Jeopardy Clause . . . ." [Dkt. No. 1 at 4].

## II.   DISCUSSION

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Further, a § 2255 motion is generally the appropriate vehicle for an ineffective assistance claim. *See United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979) ("Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal . . . [but rather] . . . have been relegated to later petitions under 28 U.S.C. § 2255.").

A party claiming ineffective assistance must show (1) that trial counsel's performance fell below an objective standard of reasonableness, and (2) that the defendant suffered prejudice as a result. *Strickland*, 466 U.S. at 687. The Supreme Court has noted that a reviewing court need not consider either prong of the test in any particular order. *Id.* at 697. Thus, to the extent that doing

so facilitates efficient disposal of Petitioner's claims, the Court will address whether Petitioner, based on the record and allegations as they currently stand, is able to demonstrate prejudice.

### A.   Counsel's Failure to Challenge the Sentencing Court's Jurisdiction Under § 851

Petitioner's sentence was enhanced on account of his criminal history. Sentencing courts are generally made aware of a defendant's criminal history via an "information," which the government files before trial, pursuant to 21 U.S.C. § 851. Subparagraph (a) of that statute provides that:

> [n]o person who stands convicted of an offense under [21 U.S.C. § 841] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States [A]ttorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

In Petitioner's case, the government filed its § 851(a) information after indicting Petitioner, but did not file a second information after issuing its superseding indictment. Petitioner argues that the government information, in a sense, attached to the initial indictment, and that the latter's invalidation rendered the information likewise invalid. [Dkt. No. 2 at 5]. The government's failure to file a second information, as the argument goes, divested the sentencing court with jurisdiction to enhance Petitioner's sentence under § 851(a) because the facts that served as the basis for that enhancement were not properly before the Court. [Dkt. No. 2 at 5].

First, "[w]hile the steps prescribed in the filing and service requirements of . . . § 851(a) must be taken before sentencing enhancement is authorized, they are not 'jurisdictional' in the sense that the court lacks power to go forward with sentencing (including imposition of an enhancement for prior convictions) . . . ." *United States v. Severino*, 268 F.3d 850, 857-58 (9th Cir. 2001); *see also United States v. Flowers*, 441 F.3d 900, 902 (10th Cir. 2006) (Section 851(a)(1) is a "claim-processing rule," and, therefore, it "does not govern the court's underlying

authority to hear that type of case."). It is, in fact, 18 U.S.C. § 3231 that confers jurisdiction on

courts to apply § 851(a). *Id.* at 902-03.

Second, Petitioner provides no non-jurisdictional basis (such as due process) for his

argument that the government is required to re-file an information upon filing a superseding

indictment; in fact, the caselaw suggests quite the contrary. For example, in rejecting the same

argument, the Tenth Circuit, in *United States v. Wright*, stated that:

> . . . the filing of the information after the initial indictment [is] sufficient. By
> filing an information noting its intention to seek an enhanced sentence, the
> Government complied with both the letter and the spirit of the law. The statute
> mandates that the information be filed before trial—this was done. The purpose of
> the statute is to give defendants an opportunity to show they had not been
> previously convicted of those crimes subjecting them to increased penalties. Here,
> the statute's purpose was furthered because defendants were given adequate notice
> that they would have to prepare to challenge the previous convictions, and the
> court was forewarned that it would have to comply with section 851(b).

932 F.2d 868, 882 (10th Cir. 1991) (internal citations omitted); *See also United States v. Wilson*,

183 Fed. Appx. 814, 824 (10th Cir. 2006) (stating that "the plain language of § 851 does not

support" the argument that an information, "having been filed after the original indictment, must

be re-filed if the government . . . subsequently files a superseding indictment in the same case.");

*United States v. Steen*, 55 F.3d 1022, 1028 (5th Cir. 1995) ("[A]n enhancement information

performs [the function of providing] defendants with the notice necessary to allow them to

challenge the contents of the . . . information." Thus, a district court may rely on an information

which misstates the prior offense so long as such does not defeat the defendant's notice that the

government will seek enhancement based on his actual prior offense).

Defendant obviously was put on notice that the government intended to seek an enhanced

sentence based on his criminal history. The best reading of § 851 and the relevant caselaw

indicates that such is enough to fulfill the mandate of that statute. Accordingly, this claim cannot

serve as a basis for relief under § 2255.

4

**B.  Section § 851 as a Violation of Separation of Powers**

Petitioner next argues that he suffered ineffective assistance because trial counsel failed to challenge the constitutionality of § 851 in light of the statute's alleged infringement on the court's power under Article III to determine "sentencing outcomes," and its ability to "impose a sentence under the Federal Sentencing Guidelines." [Dkt. No. 1 at 4]. Specifically, Petitioner argues that, under § 851, Congress has inappropriately "[l]egislatively directed [Petitioner's] sentencing outcome, a judicial function, by investing the jurisdictional power in the hands of the office of the U.S. Attorney, the Executive branch, and at the same time divesting the sentencing court's [j]udicial [d]iscretion and independence under Article III . . . ." [Dkt. No. 2 at 6].

The Guideline range applicable to Petitioner at sentencing without consideration of the statutory minimum provided for in § 841(b) was 151 to 188 months imprisonment. However, § 841(b) operates to raise the minimum sentence to 240 months. Petitioner is obviously correct that the Guidelines call upon courts to exercise their Article III power in sentencing defendants. Upon this premise, Petitioner posits that § 851, by altering the relevant minimum sentence, manifests a legislative intrusion into the sentencing court's adjudicatory exercise, an intrusion that so constricts courts' discretion as to implicate the separation of powers doctrine. Merely two of the observations this conclusory argument invites renders it meritless.

First, the text of the Sentencing Guidelines—the very instrument Petitioner believes delimits a court's sentencing discretion—mandates the very sentence elevation Petitioner challenges. *See* 18 U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Petitioner paradoxically suggests that the Guidelines are authoritative enough to delimit courts' power in sentencing, but, at the same time, argues that those very

Guidelines cannot qualify such power. In other words, Petitioner's argument defeats itself since it reduces to the following internally confused thesis: the Sentencing Guidelines violate the Judiciary's power to apply the Sentencing Guidelines, a power defined by the Sentencing Guidelines.

Second, Congress makes laws and the courts interpret and administer them. Nothing in controlling constitutional precedent suggests that Congress does not have to power to establish minimum sentences. In this case, 31 U.S.C. § 841(b) sets the mandatory minimum sentence. Section 851 simply sets forth the notice provision for an enhancement under § 841(b). *See United States v. Dobson*, 288 F.3d 153, 159 (5th Cir. 2002) ("[T]he statute established in § 851 the requirement that the government inform defendants of its decision to seek enhancements and the prior convictions to be relied upon in the proposed enhancement."). To the extent that Petitioner, in actuality, intends to attach § 841 rather than § 851, Petitioner's argument may be inspired by the Supreme Court's holding in *United States v. Booker*, which rendered the mandatory provision of the Federal Sentencing Guidelines advisory. 543 U.S. 220 (2005). However, that holding was based not on the conclusion that the mandatory provision was, per se, unconstitutional. Rather, the Guidelines were rendered advisory as a *remedial measure* in order to harmonize the legislative intent inspiring the Guidelines with the court's separate constitutional holding. *Id.* at 246 ("We answer the remedial question by looking to legislative intent . . . We seek to determine what Congress would have intended in light of the Court's constitutional holding."). Thus, the Court's remedial holding had nothing to do with Congress infringing judicial power.

Petitioner's argument is so ambitious such that trial counsel cannot be considered objectively unreasonable in failing to advance it. Therefore, this claim cannot serve as a basis for an ineffective assistance finding.

### C.  Section 851 as a Forbidden "Bill of Pains and Penalties"

Petitioner next argues that trial counsel was ineffective because he failed to challenge § 851 as a "bill of pains and penalties," a type of law he correctly asserts is forbidden by the Bills of Attainder Clause, Article I, § 9 of the Constitution. [Dkt. No. 2 at 8].

According to the Fifth Circuit, "the [Supreme Court] has generally defined a bill of attainder as 'a law that legislatively determines guilt and inflicts punishment upon an identified individual without provision of the protections of a judicial trial.'" *SBC Communs. v. FCC*, 154 F.3d 226, 233 (5th Cir. 1998) (quoting *Nixon v. Administrator of General Services*, 433 U.S. 425, 468 (1977)). Additionally, "the Bill of Attainder Clause [is] not to be given a narrow historical reading, but [is] instead to be read in light of the evil the Framers had sought to bar: legislative punishment, of any form or severity, of specifically designated persons or groups." *United States v. Brown*, 381 U.S. 437, 445 (1965). Thus, Petitioner correctly notes that a "bill of pains and penalties" is identical to a bill of attainder but, unlike the latter, it does not lead to the punishment of death, *United States v. Brown*, 381 U.S. 437, 441 (1965), a difference that is of no constitutional significance. *See Id.* at 447.

Petitioner argues that § 851(d) constitutes a bill of pains and penalties because, under that statute, and through other statutes like § 841, "Congress has targeted defendants with prior drug convictions and has enacted a special [l]egislative [a]ct . . . to alter the [d]ue [p]rocess protections demanded by the U.S. Constitution." [Dkt. No. 2 at 11].  Although his argument is not altogether clear, the Court reads Petitioner's assertion to mean that the enhancement of his

sentence called for by § 851(d) is a legislative punishment because it is inflicted based on facts not found via the "protection of a judicial trial."

The first challenge Petitioner faces is the one presented in the explicit definition of a "bill of attainder"—that is, such, by definition, applies to an "identified individual." *Nixon*, 433 U.S. at 468. Obviously, § 851(d) does not identify Petitioner, but only a large group of individuals previously convicted of drug offenses under § 841.

Second, the hallmark of a bill of attainder is a legislative determination of guilt—a "trial by legislature," which supplants the finding of guilt as a judicial function. *Brown*, 381 U.S. at 442. *See also SBC Communs. v. FCC*, 154 F.3d 226, 233 (5th Cir. 1998) ("the draftsmen of the Constitution sought to prohibit the ancient practice of the Parliament in England of *punishing without trial* 'specifically designated persons or groups.'" (quoting *Selective Service System v. Minnesota Public Interest Research Group*, 468 U.S. 841, 847 (1984)) (emphasis added). Thus, although Petitioner is correct that the Bill of Attainder Clause contemplates not only the rights of individuals, but also mandates congressional respect for the courts, the "judicial function" guarded by the Clause is the determination of guilt, not the courts' alleged "function" to impose sentences uninfluenced by congressional mandates. Under § 851(d) (and § 841(b)), it is the sentencing judge—*i.e.*, the Judiciary, not Congress—that determines whether the defendant has a criminal history mandating a sentence enhancement. Congress merely provides for sentence enhancements based upon the Judiciary's finding. This reality does not implicate the Bill of Attainder Clause, and counsel's failure to argue such cannot be deemed unreasonable.

### D.  Appellate Counsel's Failure to Invoke *Blakely* on Appeal

Petitioner's next two arguments are that he suffered ineffective assistance because appellate counsel failed to raise a *Blakely* and *Booker* challenge to his sentence on direct appeal.[1] [Dkt. No. 1 at 5]. The applicable Guideline range at sentencing, as the argument goes, was the range corresponding to Petitioner's base level offense because the facts used to enhance his sentence were not charged in the indictment and found by a jury. [Dkt. No. 2 at 12]. In other words, taking Petitioner's next two arguments together, he seems to believe that the applicable Guideline minimum cannot change under any circumstance if that shift is based on facts not charged in the indictment.

In *Booker*, the Court held that "any fact *other than a prior conviction* that was necessary to support a sentence exceeding the maximum authorized by the facts, established by a plea of guilty, or a jury verdict, [must be either] admitted by a defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. (emphasis added). First, as *Booker* was handed down after Petitioner's conviction and sentence were affirmed on direct review, the Court is not certain how appellate counsel could be expected to invoke that decision. Second, the Pre-sentence Report indicates that Petitioner's sentence was enhanced based solely on his criminal history and his violation of his supervised release terms. As is made obvious by the above excerpt from *Booker*, prior convictions as a basis for enhancement are exempted from the mandate announced in that decision. Additionally, "[a]lthough . . . violations [of supervised release] often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge

---

[1]  Specifically, Petitioner's Fourth argument is that the enhancement to the custody portion of his sentence is unconstitutional because the predicate for that enhancement was a set of facts not found by a jury. [Dkt. No. 2 at 12-13]. His Fifth argument attacks the enhancement of his supervised release term for the same reason. [Dkt. No. 3 at 1]. Thus, both his Fourth and Fifth arguments reduce to "*Apprendi/Blakely/Booker* arguments," which the Court need not address individually because the same legal principles render both arguments meritless.

under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt."[2] *Johnson v. United States*, 529 U.S. 694, 700-01 (2000). Thus, once the jury found Petitioner guilty of his latest substantive crime, the sentencing court properly concluded that Petitioner violated the terms of his supervised release.

Therefore, Petitioner's constitutional attacks on his sentence premised on impermissible bench fact-finding are without merit, and appellate counsel cannot be faulted for not raising them.

### E.  Appellate Counsel's Failure to Raise a Double Jeopardy Challenge

Petitioner next argues that appellate counsel was ineffective for not challenging his sentence as a violation of the Double Jeopardy Clause. [Dkt. No. 1 at 5].

"No person shall . . . be subject for the same offence [or] to be twice put in jeopardy of life or limb." U.S. Const. amend V. "Under this Clause, once a defendant is placed in jeopardy for an offense, and jeopardy terminates with respect to that offense, the defendant may neither be tried nor punished a second time for the same offense". *Sattazahn v. Pennsylvania*, 537 U.S. 101, 106 (2003).

Understanding Petitioner's argument, and why it lacks merit, requires close attention to the Supreme Court's seminal declaration in *Apprendi v. United States* that "if the existence of any fact (other than a prior conviction) increases the maximum punishment that may be imposed on a defendant, that fact—no matter how the State labels it—constitutes an element, and must be found by a jury beyond a reasonable doubt." *Sattazahn*, 537 U.S. at 598 (summarizing *Apprendi*).

---

[2] In this case, however, the violative conduct was both criminal—conspiracy to possess with intent to distribute—and found by a jury beyond a reasonable doubt.

With this premise, Petitioner invokes the Supreme Court's stated position that "elements" for the purposes of the Sixth Amendment jury-trial guarantee are also "elements" to which jeopardy attaches in the Fifth Amendment context. As the Court put it,:

> . . . [w]e can think of no principled reason to distinguish . . . between what constitutes an offense for purposes of the Sixth Amendment's jury-trial guarantee and what constitutes an "offence" for purposes of the Fifth Amendment's Double Jeopardy Clause . . . If a jury unanimously concludes that a State has failed to meet its burden of proving the existence of one or more aggravating circumstances [*i.e.*, elements of the offense,] double-jeopardy protections attach to that "acquittal" on the offense of "murder plus aggravating circumstance(s)."

*Sattazahn*, 537 U.S. at 111-12.

Therefore, Petitioner is correct that an aggravating circumstance, equivalent to an "element" for *Apprendi* purposes, is also an element of a prior offense to which jeopardy may attach. However, the same *Apprendi* quote on which Petitioner relies doom's his argument: *Apprendi* expressly excluded the "conviction for a prior offense" as a "fact" that may constitute an "element" to be found by a jury beyond a reasonable doubt, even if that "fact" "increases the maximum punishment that may be imposed on a defendant." Therefore, the "fact" of a prior conviction is not one to which jeopardy attaches and, therefore, the logic of *Satazahn* does not help Petitioner.

In any event, regardless of the intuitive appeal that Petitioner's double jeopardy argument may carry, or the legitimacy of the debates that may have inspired it, the Supreme Court has already foreclosed such double jeopardy challenges to sentence enhancements based on prior convictions. *See Ewing v. California*, 538 U.S. 11, 25-26 (2003) ("In repeatedly upholding recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense . . . [is] 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a [sic] repetitive one'" (quoting *Gryger v. Burke*,

334 U.S. 728, 732, (1948)). Therefore, when a court concludes that a defendant's sentence should be enhanced based on its own, rather than a jury's, finding of relevant criminal history, it offends neither the Fifth nor Sixth Amendments.

## III.   CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 fails on its face as to all claims, and it is therefore **DISMISSED**. Additionally, in the event that Petitioner may seek a certificate of appealability from this Court, such is **DENIED**.

IT IS SO ORDERED.

Done this 7th day of December, 2006, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**